WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Robert Michael Hollenback,

                Petitioner,

vs.

Charles Ryan, et al.,

                Respondents.

No. CV 10-333-TUC-FRZ

**ORDER**

On June 3, 2010, Petitioner, Robert Michael Hollenback, an inmate confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to Title 28, U.S.C. § 2254, with exhibits A through E attached. ("Petition"). (Doc. 1.) Respondents have filed an answer to the Petition ("Answer") with exhibits A through H attached. (Doc. 8.) Petitioner filed a reply ("Reply") on April 19, 2011. (Doc. 9). For the reasons discussed below, the Court (1) dismisses grounds one and two of the Petition as procedurally defaulted, alternatively, denies relief for grounds one and two on the merits; (2) denies relief for ground three on the merits; and (3) grants relief on ground four of the Petition.

## I.   BACKGROUND

### A.  Trial Court Proceedings

On March 28, 2003, Petitioner was indicted by the grand jurors of Pima County in Arizona Superior Court, on charges of one count each of molestation of a child, sexual conduct with a minor under fifteen years of age, and luring a minor for sexual

exploitation. (Doc. 8, Ex. A, Indictment.). The State separately filed an allegation that all three counts as charged were offenses involving dangerous crimes against children, pursuant to A.R.S. § 13-604.01. (*Id.*, Allegations.) The State also filed allegations of a predicate offense and prior conviction of attempted sexual conduct with a minor under fourteen. (*Id.*)

A jury convicted Petitioner on all three counts, and, on March 29, 2004, the trial court sentenced Petitioner to the presumptive terms of imprisonment on all counts: 28 years for count one; life imprisonment for count two; and 10 years for count three. (*Id.*, Minute Entry 3/29/04.) The trial court ordered that all counts be served consecutively. (*Id.*)

B. Appeal

Petitioner filed a direct appeal of his conviction and sentence raising five grounds for relief: (1) A.R.S. § 13-3554 is inapplicable to conduct that does not involve producing pornographic material; (2) the trial court erred in enhancing Petitioner's sentence using the State's late-requested interrogatory that asked the jury to determine whether the victims were under 12 years old; (3) fundamental error occurred when the trial court sentenced Petitioner in count two under A.R.S. § 13-604.01 and not A.R.S. § 13-702.02; (4) fundamental error occurred when the trial court sentenced Petitioner to life when that was not required under A.R.S. § 13-604.01(B); and (5) fundamental error occurred when 14 jurors deliberated. (Doc. 8, Ex. B.)  The appellate court affirmed the convictions and sentences in an opinion filed on December 29, 2005. (Doc. 1, Ex. A). Petitioner's petition

1    for review to the Arizona Supreme Court was denied without comment on September 26,
2    2006. (*Id.*, Ex. B).

3
4          C.  Petition for Post-Conviction Relief
5          Petitioner's notice of post-conviction relief was filed on November 2, 2006. (Doc.
6    8, Ex. D.) Petitioner, through counsel, filed a Petition for Post-Conviction Relief ("PCR")
7    on June 21, 2007. (*Id.*) Petitioner argued that trial counsel was ineffective for (1) failing
8    to properly object to hearsay testimony; (2) failing to object to other act evidence; (3)
9    failing to request a lesser included jury instruction of attempted molestation of a child;
10
11   and (4) failing to call an expert witness on the effect of improperly conducted forensic
12   interviews with children. (*Id.*)
13
14         The trial court denied relief without an evidentiary hearing and dismissed the
15   notice on December 20, 2007. (Doc. 1, Ex. C.) In his petition for review of the trial
16   court's decision to the court of appeals, Petitioner argued that trial counsel was
17
18   ineffective for (1) failing to object to the State's improper use of hearsay as substantive
19   evidence; and (2) failing to request a lesser included jury instruction of attempted
20   molestation of a child. (Doc. 8, Ex. E.)
21
22         On September 5, 2008, in a memorandum decision, the Arizona Court of Appeals
23   granted review, and denied relief. (Doc. 1, Ex. D.) Petitioner's petition for review to the
24   Arizona Supreme Court was denied without comment on June 1, 2009. (*Id.*, Ex. E.)
25
26         D.  Federal Habeas Petition
27         Petitioner's habeas corpus petition, placed in the prison mailing system on May
28

19, 2010 (*Id*. at 11), raises four grounds in support of his request for habeas relief.  In Ground One, Petitioner contends that his Fifth and Fourteenth Amendment due process rights were violated because he was convicted of "luring a minor for sexual exploitation," but the conduct in which he engaged—"the mere solicitation for oral sex"—is not conduct that violates Arizona Revised Statutes § 13-3554(A). In Ground Two, Petitioner asserts that his due process rights were violated because he was sentenced with an "under 12" enhancement "without proper notice of such enhancement." In Grounds Three and Four, Petitioner claims he received ineffective assistance of counsel ("IAC"), in violation of the Sixth and Fourteenth Amendments.

## II.   DISCUSSION

### A.  Standard of Review

Because Petitioner filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

### B.  Statute of Limitations

Under the AEDPA, a state prisoner must generally file a petition for writ of habeas corpus within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review [.]" 28 U.S.C. § 2244(d)(1)(A). The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

### C. Exhaustion of State Remedies

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust state remedies, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277–78 (1971). If a habeas claim includes new factual allegations not presented to the state court, it may be considered unexhausted if the new facts "fundamentally alter" the legal claim presented and considered in state court. *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. Rule 32 of the Arizona Rules of Criminal Procedure governs PCR proceedings and provides that a petitioner is precluded from relief on any claim that could have been raised on appeal or in a prior PCR petition. Ariz.R.Crim.P. 32.2(a)(3). The preclusive effect of Rule 32.2(a) may be avoided only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior

petition or not presented in a timely manner. *See* Ariz.R.Crim.P. 32.1(d)-(h), 32.2(b), 32.4(a).

A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n. 1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n. 1; *see also Gray v. Netherland,* 518 U.S. 152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991); *see Murray v. Carrier*, 477 U.S. 478, 488 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). Prejudice need not be addressed if a petitioner fails to show cause. *Thomas*, 945 F.2d at 1123 n.10. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted), which can be shown when "a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 673 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

D. <u>Standard of Review: Merits</u>

Petitioner's habeas claims are governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA established a "substantially higher threshold for habeas relief" with the "acknowledged purpose of 'reduc[ing] delays in the execution of state and federal criminal sentences.'" *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) (quoting *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). The AEDPA's "'highly deferential standard for evaluating state-court rulings' ... demands that state-court

decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*) (quoting *Lindh*, 521 U.S. at 333 n. 7).

Under the AEDPA, a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by the state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The relevant state court decision is the last reasoned state decision regarding a claim. *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 664 (9th Cir. 2005).

"The threshold question under AEDPA [is] whether [the petitioner] seeks to apply a rule of law that was clearly established at the time his state-court conviction became final." *Williams v. Taylor*, 529 U.S. 362, 390 (2000). Therefore, to assess a claim under subsection (d)(1), the Court must first identify the "clearly established Federal law," if any, that governs the sufficiency of the claims on habeas review. "Clearly established" federal law consists of the holdings of the Supreme Court at the time the petitioner's state court conviction became final. *Williams*, 529 U.S. at 365; *see Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003). Habeas relief cannot be

granted if the Supreme Court has not "broken sufficient legal ground" on a constitutional principle advanced by a petitioner, even if lower federal courts have decided the issue. *Williams*, 529 U.S. at 381; *see Musladin*, 549 U.S. at 76-77; *Casey v. Moore*, 386 F.3d 896, 907 (9th Cir. 2004). Nevertheless, while only Supreme Court authority is binding, circuit court precedent may be "persuasive" in determining what law is clearly established and whether a state court applied that law unreasonably. *Clark*, 331 F.3d at 1069.

The Supreme Court has provided guidance in applying each prong of § 2254(d)(1). The Court has explained that a state court decision is "contrary to" the Supreme Court's clearly established precedents if the decision applies a rule that contradicts the governing law set forth in those precedents, thereby reaching a conclusion opposite to that reached by the Supreme Court on a matter of law, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Williams,* 529 U.S. at 405–06; *see Early v. Packer,* 537 U.S. 3, 8 (2002) (per curiam). In characterizing the claims subject to analysis under the "contrary to" prong, the Court has observed that "a run-of-the-mill state-court decision applying the correct legal rule to the facts of the prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." *Williams,* 529 U.S. at 406; *see Lambert v. Blodgett,* 393 F.3d 943, 974 (9th Cir. 2004).

Under the "unreasonable application" prong of § 2254(d)(1), a federal habeas court may grant relief where a state court "identifies the correct governing legal rule from

[the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams,* 529 U.S. at 407. For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must show that the state court decision was not merely incorrect or erroneous, but "objectively unreasonable." *Id.* at 409; *Landrigan,* 550 U.S. at 473; *Viscioti,* 537 U.S. at 25.

Under the standard set forth in § 2254(d)(2), habeas relief is available only if the state court decision was based upon an unreasonable determination of the facts. *Miller–El v. Dretke,* 545 U.S. 231, 240 (2005) (*Miller–El II* ). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El,* 537 U.S. 322, 340 (2003) ( *Miller–El I* ); *see Taylor v. Maddox,* 366 F.3d 992, 999 (9th Cir. 2004). In considering a challenge under § 2254(d)(2), state court factual determinations are presumed to be correct, and a petitioner bears the "burden of rebutting this presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Landrigan,* 550 U.S. at 473–74; *Miller–El II,* 545 U.S. at 240.

### III.   ANALYSIS

A. Timeliness

Petitioner had until one year after his conviction and sentence became final to file

his federal petition. Relying on the Ninth Circuit's adherence to the "prison mailbox rule" Respondents concede (Doc. 8 at 5) and the Court finds that, pursuant to the AEDPA, the Petition, placed in the prison mailing system on May 19, 2010, (Doc. 1 at 11) and filed in this Court on June 3, 2010, is timely. *See Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)(citing *Houston v. Lack*, 487 U.S. 266 (1988)(a prisoner's federal habeas petition is deemed filed when he hands it over to prison authorities for mailing to the district court)).

B. <u>Ground One</u>

Petitioner asserts in Ground One of the Petition that his Fifth and Fourteenth Amendment due process rights were violated because he was convicted of "luring a minor for sexual exploitation," but the conduct in which he engaged—"the mere solicitation for oral sex"—is not conduct that violates Arizona Revised Statutes § 13-3554(A). (Doc. 1 at 6). Respondents argue that Petitioner failed to fairly present Ground One as a constitutional claim to the state courts on direct appeal, and thus this claim is not exhausted. (Doc. 8 at 8-9). Respondents further contend that Ground One is procedurally defaulted because any attempt to return to state court to present that claim would be futile because it would be procedurally barred pursuant to Arizona law. (*Id*. at 10-11.) Respondents also contend that Petitioner's argument is not cognizable on habeas corpus review. (*Id*. at 15.)

*1.    Procedural Default*

Petitioner contends that he was convicted in Count 3 of the Indictment pursuant to a statute, A.R.S. § 13-3554, which did not apply to Petitioner's alleged conduct, in

violation of his Fifth and Fourteenth Amendment due process rights. (Doc. 1 at 6.) Petitioner argues that the appellate courts' interpretation of A.R.S. § 13-3554 is untenable; Petitioner asserts that, in order to convict under A.R.S. § 13-3554, the State is required to present evidence that Petitioner "intended to or did photograph, film, or otherwise create any visual item depicting the minor engaging in sexual conduct" contrary to the appellate court's interpretation.  (*Id.*)

Respondents assert that Petitioner's federal claims are procedurally defaulted and barred from habeas corpus review. Petitioner argued in the first claim of his direct appeal that the trial court erroneously denied his motion for judgment of acquittal. Petitioner argued the court erred for two reasons. First, because the offense of luring a minor for sexual exploitation requires some sort of intent to photograph or otherwise record a minor's image. Second, as an alternative ground for relief, Petitioner argued that the motion was denied because there was insufficient evidence to establish guilt in Count 3, in violation of his right to due process and a fair trial: "Alternatively, insufficient evidence existed to support [Count 3] because the [S]tate failed to prove that Hollenback intended to photograph, or otherwise visually depict sexual conduct. Thus, the State's evidence was wholly insufficient to establish guilt in Count 3, which also violated Petitioner's right to due process and a fair trial. U.S. Const., Amends. 5, 6, and 14; Ariz. Const., art. 2, §§4 and 24." (Doc. 8, Ex. B at 8-9). The appellate court found that one of Petitioner's victims, Z., who was eight at the time of the offenses, testified that Hollenback had asked him repeatedly on multiple occasions to participate in oral sex, and

thus, substantial evidence supported this charge. (Doc.1, Ex. A at ¶ 8.) The Court reviewed the sufficiency of the evidence argument under an abuse of discretion standard, citing *State v. Carlos*, 199 Ariz. 273 (App. 2001)(court reviews a trial court's denial of a Rule 20 motion for an abuse of discretion and will reverse a conviction only if there is a complete absence of substantial evidence to support the charges). (*Id*.) Although Petitioner mentioned, in passing, "due process" and a "fair trial," the abuse of discretion standard was in fact the appropriate standard of review set forth by Petitioner for reviewing his alternative claim. (Doc. 8., Ex. B at 5.)

Petitioner's passing reference to "his federal rights," was not sufficient to fairly present a federal claim to the State courts. General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish a fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir.2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Likewise, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray,* 518 U.S. at 162–63 (1996).

Petitioner failed to fairly present Ground One as a federal claim in state court. If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal

Procedure because it does not fall within an exception to preclusion. Ariz.R.Crim.P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted. Petitioner presents no cause for the default nor has he demonstrated that a fundamental miscarriage of justice would occur if federal review of this claim is barred. Accordingly, this claim is properly dismissed.

Nonetheless, regardless of exhaustion, the Court considers the claim and finds, it should be denied on the merits. *See* 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claims on the merits); *see also Rhines v. Weber*, 544 U.S. 269, 277 (2005).

### 2. *Merits*

Petitioner's due process argument is without merit. Petitioner challenges the appellate court's determination that there was sufficient evidence presented at trial to support his conviction. Pursuant to *Jackson v. Virginia*, in determining a due process claim based on the sufficiency of the evidence, "the critical inquiry ... is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S 307, 318 (1979). "When we undertake collateral review of a state court decision rejecting a claim of insufficiency of the evidence pursuant to 28 U.S.C. § 2254(d)(1), however, our inquiry is even more limited; that is, we ask only whether the state court's decision was contrary to or reflected an unreasonable application of *Jackson* to the facts of a particular case." *Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011) (citing *Juan H. v. Allen*, 408 F.3d 1262, 1274–75 (9th Cir. 2005)).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Initially, to the extent Petitioner raises a state-law claim, the Arizona Constitution affords Petitioner no relief in this federal habeas corpus proceeding. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law[.]") (citations omitted); *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 630 & n.3 (1988) (recognizing that the federal habeas court is "not at liberty to depart from state appellate court's resolution of...issues of state law..." where the state supreme court denied review of the underlying state case at bar.). "[A] state court's interpretation of state law ... binds a federal court sitting in habeas corpus" unless the state court's decision presents a violation of the Constitution or the laws or treaties of the United States. *Bradshaw v. Richey*, 546 U.S. 74, 75 (2005); *see Swarthout v. Cooke*, —— U.S. ——, 131 S.Ct. 859 (2011) (extent of liberty interest in parole is a question of state law, which is reviewable by a federal court only for a violation of the Due Process Clause). "Our deference to the [state court] is suspended only upon a finding that the court's interpretation is untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989).

The court of appeals held that A.R.S. § 13-3554, the statute proscribing luring a minor for sexual exploitation, does not require intent to photograph or otherwise record a minor's image, notwithstanding Petitioner's argument that Ariz. Rev. Stat. Ann. § 13-3553, the statute proscribing sexual exploitation of a minor, defines that offense in terms of producing and distributing child pornography. The appellate court's consideration of the issue was thorough, its reasoning was sound and logical, and the court relied on well-

established tenets of statutory construction under Arizona law: *See State v. Sepahi*, 206 Ariz. 321, ¶ 16 (2003) ("[A] statute's language is the most reliable index of its meaning"); *State v. Brown*, 204 Ariz. 405, (App.2003) (Howard, J., concurring) ("Had the legislature desired the facilitation portion of § 13–1805(I) to include a *mens rea* of intentionally, it most likely would have utilized precise language defined by statute."); *State v. Hauser*, 209 Ariz. 539, 542 (2005)( the heading of a statute is not part of the law and may only aid in clarifying ambiguity if such exists); *see also* A.R.S. § 1–212 (headings not part of the law, but merely for reference purposes). Since there is no evidence of state court unreasonableness or subterfuge, this Court will not re-examine the state court's interpretation of section 13-3554 as applied to Petitioner's conduct.

Insufficient evidence claims are reviewed by looking at the elements of the offense under state law. *Emery*, 643 F.3d at 1214 (citing *Jackson*, 443 U.S. at 324 n. 16; *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (in determining whether sufficient evidence supports a state law statutory enhancement, federal courts are bound by "a state court's interpretation of state law").). At the time of Petitioner's trial, the offense of luring a minor for sexual exploitation was committed "by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor." A.R.S. § 13-3554. The appellate court held that "One of Hollenback's victims, Z., who was eight at the time of the offenses, testified that Hollenback had asked him repeatedly on multiple occasions to participate in oral sex. Thus, substantial evidence supported this charge, and the trial court did not err in denying the Rule 20 motion." (Doc. 1, Ex. A at ¶

8.) Although Petitioner disagrees with the state court's conclusion, this is not a case where the state court failed "to take into account and reconcile key parts of the record...." *Taylor v. Maddox*, 366 F.3d at 1008. The record is clear that the state court considered and weighed the relevant evidence in applying the applicable state law in rendering its decision. Aside from the argument rejected by the state courts and not cognizable in this habeas review, that the State mischarged the offense under A.R.S. § 13-3554 and the state court's misinterpreted that statute, Petitioner makes no argument that the prosecution failed to prove the elements of the offense of luring a minor for sexual exploitation under state law, as construed by the state courts. On such a record, the state-court decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding.

### C. Ground Two

In Ground Two, Petitioner contends that his due process rights were violated because he was sentenced with an "under 12" enhancement "without proper notice of such enhancement." (Doc. 1 at 7.) Respondents argue that Petitioner failed to fairly present Ground Two as a constitutional claim to the state courts on direct appeal, and thus this claim is not exhausted. (Doc. 8 at 9-10). Respondents further contend that Ground Two is procedurally defaulted because any attempt to return to state court to present that claim would be futile because it would be procedurally barred pursuant to Arizona law,. (*Id.* at 10-11.) Alternatively, Respondents argue that Ground Two is without merit. (*Id.* at 15-18.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 1. Procedural Default

Petitioner contends that he did not receive sufficient notice that, if convicted, he would be sentenced under A.R.S. § 13-604.01(A) or (B), in violation of his due process guarantee under the Fifth and Fourteenth Amendment of the U.S. Constitution. (Doc. 1 at 7; Memorandum at 5-6.)

Petitioner argued in his opening brief to the Arizona Court of Appeals, that, under *State v. Guytan*, 192 Ariz. 514 (App.1998), when the state offers no excuse for an untimely sentence enhancement allegation, and when there is no citation in the indictment to the enhancement provision, it is error to sentence the defendant using the enhancement. (Doc. 8, Ex. B at 10-11.)

Respondents assert that Petitioner's federal claims are procedurally defaulted and barred from habeas corpus review. As the appellate court found, Petitioner's argument relied entirely on the state court of appeals case *State v. Guytan*, 192 Ariz. at 595-96, which held that permitting an amendment to the indictment to allege gang motivation as a potential sentence enhancement nine days after the jury had been impaneled was improper because the request to amend had been untimely under Rule 16.1, Ariz.R.Crim.P. After arguing at length how the indictment was insufficient under *Guytan*, *supra*, and Rule 16.1, Petitioner concluded his argument, mentioning in closing that: "The trial court abused its discretion in placing an interrogatory before the jury and using that finding to enhance [Petitioner's] sentence under § 13-604.01's more severe penalty provisions and violated Petitioner's right to due process. U.S. Const., Amends. 5 and 14;

Ariz. Const., art. 2, §§1 and 4." (Doc. 8, Ex. B at 13.)

Petitioner's passing reference to "due process" is not sufficient to fairly present a federal claim to the state courts. *Lyons v. Crawford*, 232 F.3d at 669; *Shumway*, 223 F.3d at 987. Petitioner failed to fairly present Ground One as a federal claim in state court. If Petitioner were to return to state court now to litigate this claim it would be found waived and untimely under Rules 32.2(a)(3) and 32.4(a) of the Arizona Rules of Criminal Procedure because it does not fall within an exception to preclusion. Ariz.R.Crim.P. 32.2(b); 32.1(d)-(h). This claim is technically exhausted but procedurally defaulted. Petitioner presents no cause for the default nor has he demonstrated that a fundamental miscarriage of justice would occur if federal review of this claim is barred, accordingly, this claim is properly dismissed.

Nonetheless, regardless of exhaustion, the Court considers the claim and finds it should be denied on the merits. *See* 28 U.S.C. § 2254(b)(2) (allowing denial of unexhausted claims on the merits); *see also Rhines,* 544 U.S. at 277.

    2.    *Merits*

Petitioner's due process argument is without merit. Petitioner challenges the appellate court's determination that the State's separate allegations that each offense was a dangerous crime against children, and the indictment which included a reference to § 13-604.01, the dangerous crimes against children statute, which provides an enhanced penalty when a defendant is convicted of sexual conduct with a minor under twelve years of age, is adequate notice of the State's intent to enhance Petitioner's sentence under that

statute. The trial court granted the State's request, over Petitioner's objection based on insufficient notice, to include an interrogatory on the verdict form for Count 2 (sexual conduct with a minor) asking the jury to find whether the victim was under 12 years of age. (Doc. 8, Reporter's Transcript ("R.T." 2/20/04 at 67–69, 79.) After the jury made this finding, Petitioner was sentenced accordingly, and the state appellate court affirmed his enhanced sentence on count 2. (Doc. 1, Ex. A at ¶¶ 9- 11.) The state appellate court found: "Here, the state separately alleged each offense was a dangerous crime against children and each count of the indictment included a reference to § 13-604.01, the dangerous crimes against children statute, which provides an enhanced penalty when a defendant is convicted of sexual conduct with a minor twelve years of age or younger." (*Id*. at ¶ 10.) The appellate court, relying on state supreme court precedent, held that the indictments' reference to the number of the statute providing for enhanced punishment was adequate notice of the State's intent to enhance the defendant's sentence under that statute. (*See* Doc. 8, Ex. A, ¶ 11)(citing *State v. Waggoner*, 144 Ariz. 237, 239 (1985); *State v. Barrett*, 132 Ariz. 88, 89 (1982)("Th[e] recital of A.R.S. § 13-604 [in the information] was sufficient to put [defendant] on notice that the prosecutor would seek an enhanced sentence."), *overruled on other grounds by State v. Burge*, 167 Ariz. 25 (1990)).

First, it is the Fourteenth Amendment, not the Fifth Amendment that protects a person against deprivations of due process by a state. *See* U.S. Const. amend XIV, § 1 ("nor shall any state deprive any person of life, liberty, or property without due process of

law."); *Castillo v. McFadden*, 399 F.3d 993, 399 F. 3d at 1002 n. 5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). Because the Fifth Amendment Due Process Clause does not provide a cognizable ground for relief regarding Petitioner's state court conviction, his allegations under the Fifth Amendment Due Process Clause should be dismissed.

Next, as Respondents correctly note in their Answer, notwithstanding Petitioner's denial that he has a "6th Amendment 'Notice' issue" (Doc. 9 at 5), Petitioner's argument appears to allege a violation of his Sixth Amendment right "to be informed of the nature and cause of the accusation" against him. U.S. Const. amend. VI. It is clearly established federal law under the Constitution that a criminal defendant have "reasonable notice of a charge against him, and an opportunity to be heard in his defense." *In re Oliver*, 333 U.S. 257, 273 (1948); *Cole v. Arkansas*, 333 U.S. 196, 201(1948); *Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007) (criminal defendant has fundamental right to notice of charges "to permit adequate preparation of a defense"). The Due Process Clause of the Fourteenth Amendment renders this Sixth Amendment guarantee applicable to the states. *Gautt v. Lewis*, 489 F.3d at 1003; *see also Cole*, 333 U.S. at 201 ("No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.").

1

2          In determining whether a petitioner received fair notice of the charges against him,

3   the court "begin[s] by analyzing the content of the information." *Gautt*, 489 F.3d at 1003.

4   Additionally, absent clearly established Supreme Court precedent on point, the court of

5   appeals did not unreasonably apply federal law in relying on additional, noncharging

6   sources to conclude that Petitioner received fair notice. *See Wright v. Van Patten*, 552

7   U.S. 120, 125–26 (2008) (holding that state court could not have unreasonably applied

8   federal law if no clearly contrary Supreme Court precedent existed); *see also Gautt*, 489

9   F.3d at 1010 (assuming without deciding that other sources, such as jury instructions,

10  may be examined for evidence of notice to a petitioner).

11

12          Petitioner argues that the indictment expressly alleged that the minor victim was

13  "under 15", a term of art implicating a lesser sentencing range, and thus, because of this

14  express language in the indictment, he was put on notice that he could be sentenced only

15  pursuant to A.R.S. § 13-604.01(C)(minor victims between the ages of twelve and

16  fourteen) and not under A.R.S. §§ 13-604.01(A) or (B)(minor victims under the age of

17  twelve), which were not specifically alleged. (Doc. 1, Memorandum at 5.) Contrary to

18  Petitioner's assertion that this language indicates a lesser sentencing range, the "under

19  fifteen years of age" language in the indictment indicates that, under the substantive

20  charging statute, A.R.S. § 13-1405(B), the defendant is charged with a class 2 felony

21  offense, subject to the further sentencing enhancements of § 13-604.01. *See* A.R.S. § 13-

22  1405(B)("Sexual conduct with a minor who is under fifteen years of age is a class 2

23  felony and is punishable pursuant to § 13-604.01. Sexual conduct with a minor who is at

24

25

26

27

28

least fifteen years of age is a class 6 felony.") The substantive offense classifies the felony no differently for an offense if the victim is under fifteen, or under twelve. Both are class 2 felony offenses. *See* A.R.S. § 13-1405(B). On the other hand, the sentencing enhancements under A.R.S. § 13-604-01, which was alleged both in the indictment and in the allegation of dangerous crimes against children, contain three specific subsections that apply to the substantive offense of sexual conduct with a minor, but distinguish between defendants who commit the offense against a minor who is under twelve years of age (A.R.S. §§ 13-604.01(A) and (B)) and defendants who commit sexual conduct with minors who are twelve, thirteen or fourteen years of age (A.R.S. § 13-604.01(C)).

In *Gautt*, the Ninth Circuit found a petitioner's right to notice was violated when the petitioner was charged with a sentencing enhancement under one subdivision of a statute, but the jury was provided with verdict forms, and his sentence was enhanced under a different subdivision of the statute, which required additional elements and carried a much harsher penalty. 489 F.3d at 1008. The instant case is not like *Gautt*. The State did not allege the wrong subsection of the sentencing enhancement statute. As noted above, the references to the "under fifteen" language implicated the felony classification of the substantive offense which was a necessary prerequisite to determine which subsection of the sentencing enhancement statute to apply. *Compare* A.R.S. §§ 13-604.01(A) and (B) *with* A.R.S. § 13-604.01(C). The State did not allege a particular subsection of the sentencing enhancement statute and mislead Petitioner, as in *Gautt*; rather the State alleged the sentencing enhancement statute generally, referring to no

subsection at all. The appellate court found that Petitioner's indictment included citations to §13-604.01, and the state separately alleged each offense was a dangerous crime against children and each count of the indictment included a reference to § 13-604.01, the dangerous crimes against children statute, and that, under Arizona law, this was sufficient notice. The appellate court's decision was not contrary to, or involved an unreasonable application of, clearly established Federal law under § 2254(d)(1). Nor, on this record, did the state court's proceeding result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

D.     <u>Grounds Three and Four – IAC claim</u>

Petitioner contends in Ground Three that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel failed to object to the State's inappropriate use of hearsay evidence to impeach its own witness. (Doc. 1 at 8.) Respondents assert that because trial counsel was not obligated to object to the trial court's proper admission of the statements, the appellate court reasonably determined that counsel's failure to object was not deficient performance which fell below an objective standard of reasonableness. (Doc. 8 at 23.)

Petitioner contends in Ground Four that that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel failed to request a jury instruction on the lesser included offense of attempted child molestation in Count One. (Doc. 1 at 9.) Respondents argue that Petitioner cannot overcome the presumption that, under the circumstances, counsel's decision not to seek a

lesser included offense instruction might be considered sound trial strategy, and thus, the state court's decision on his IAC claim was reasonable. (Doc. 8 at 25.)

### 1. Exhaustion/Procedural Default

Respondents acknowledge that Petitioner presented an IAC claim in the state trial and appellate courts, which claim raised the same issue as those he raises in Grounds Three and Four of this habeas petition. (Doc. 8 at 20, 23.) The Court finds Petitioner has properly exhausted Grounds Three and Four, and addresses the merits of the claims below.

### 2. Merits

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy two separate requirements: he must (1) show that counsel's performance fell below objective standards of reasonableness and "outside the wide range of professionally competent assistance," and (2) establish that counsel's performance prejudiced Petitioner by creating "a reasonable probability that absent the errors the fact finder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984); *see also Williams*, 529 U.S. at 390; *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). *Strickland* is the clearly established law for IAC claims. *See Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 780 (2011).

Regarding the performance prong, a reviewing court engages a strong presumption that counsel rendered adequate assistance, and exercised reasonable professional judgment in making decisions. *See id*. at 690. "[A] fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Bonin v. Calderon*, 59 F.3d 815, 833 (9th Cir. 1995) (quoting *Strickland*, 466 U.S. at 689). Moreover, review of counsel's performance under *Strickland* is "extremely limited": "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir.), *judgment rev'd on other grounds*, 525 U.S. 141 (1998). Thus, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

If the prisoner is able to satisfy the performance prong, he must also establish prejudice. *See id*. at 691-92; *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) (burden is on defendant to show prejudice). To establish prejudice, a prisoner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*. A court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Robbins*, 528 U.S. at 286 n.14. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed."

*Id*. (quoting *Strickland*, 466 U.S. at 697).

In reviewing a state court's resolution of an IAC claim, the Court considers whether the state court applied *Strickland* unreasonably:

> For [a petitioner] to succeed [on an ineffective assistance of counsel claim], ... he must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (citations omitted); *see also Woodford v. Visciotti*, 537 U.S. at 24-25 ("Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.") (citations omitted).

Having reviewed the record, the Court finds that the state court did not unreasonably apply *Strickland* and denies Petitioner's claim as asserted in Ground Three, but finds that the state court's factual determination in Ground Four was unreasonable, and grants relief as to Ground Four.

### 3. Trial Court Proceedings

During trial, Officer Wright testified that he had spoken with J. while investigating the claims of molestation. (Doc. 8, Ex. F, R.T. 2/18/04 at 155-57.) When the prosecutor

asked Wright what J. had told him, defense counsel objected because it was not clear at that point whether J. was going to testify at trial. (*Id*. at 173.) The trial court sustained the objection. (*Id*. at 174.) Later at trial J. testified that Hollenback had "tried" to touch him. (Doc. 8, Ex. G, R.T. 2/19/04 at 125.) He indicated that he had told the policeman about the incident. (*Id*. at 130.) He also remembered being interviewed the same night at a different location. (*Id*. at 117, 120.)

Throughout the prosecutor's questioning, however, J. was unresponsive, did not acknowledge that Petitioner had actually touched him, and repeatedly stated he did not know or remember events. (*Id*. at 121-29.) The prosecutor called Detective Mann for purposes of impeaching J's testimony. (*Id*. at 133.) Mann had interviewed J. at the Children's Advocacy Center the day of Petitioner's arrest. (*Id*. at 207.) Mann testified that J. had indicated through words and demonstration that Petitioner had touched J.'s groin with his hand over J.'s clothes using a squeezing motion. (Answer, Ex. H., R.T. 2/20/04 at 21-24.) The prosecutor also recalled Officer Wright, and Wright testified that J. told him that Petitioner had "touched his pee-pee with his clothing on." (*Id*. at 87.) Petitioner's counsel did not object to the State's use of Mann and Wright's impeachment testimony. Defense counsel did, however, cross-examine both Mann and Wright on the statements they took. (Id. at 35-50, 88.)

### 4. *Ground Three*

Petitioner argued in his PCR petition that defense counsel failed to properly object to Officer Wright and Detective Mann's hearsay testimony, thus allowing the statements

which were admitted under the guise of impeachment evidence to be used as substantive evidence to support the charge of child molestation. (Doc. 8, Ex. D at 7-.) The trial court, ruling on the PCR petition, found that Mann's and Wright's impeachment testimony was admissible under Ariz. R. Evid. 801(d)(1)(A) as evidence of J's prior inconsistent statements. (Petition, Ex. C at 3-4.) Following Arizona law, the trial court also found that the prior inconsistent statement could be considered substantively as well as for impeachment. (*Id.*)(citing *State v. Skinner*, 515 P.2d 880, 887 (Ariz. 1973)). Further, using the five factors set forth in *State v. Allred*, 655 P.2d 1326, 1330 (Ariz. 1982), the court ruled that the probative value of the officers' testimony was not substantially outweighed by the danger of prejudice. (*Id.*) Because the evidence was admissible, the trial court denied relief on Petitioner's claim that counsel was ineffective for not objecting. (*Id.* at 5.)

In his petition for review to the appellate court, Petitioner conceded that the trial court was correct that Rule 801(d)(1)(A), Ariz.R.Evid., generally permits a party to impeach the party's own witness with prior inconsistent statements, but argued that the court erred when it determined "the evidence was admissible under Rule 801(d)(1)(A) and was not unfairly prejudicial under Rule 403, [Ariz.R.Evid.]." (Answer, Ex. E. at 10.) Petitioner argued that the trial court did not address the fact that J.'s out-of-court statements were the only evidence of Petitioner's guilt on Count One of the indictment, thus, their introduction as impeachment evidence is prohibited by caselaw. (*Id.*)(citing *State v. Cruz*, 128 Ariz. 538 (1981); *State v. Allred*, 135 Ariz. 274 (1982); *State v.*

*Thomas*, 148 Ariz. 225 (1986); and *State v. Allen*, 157 Ariz. 165 (1988)). The Arizona Court of Appeals reviewed the trial court's minute entry, finding that the order demonstrated the court was aware of and considered the appropriate factors in determining whether it would have permitted the testimony if counsel had objected, specifically applying the test set forth in *Allred*, *supra*. (Petition, Ex. D at 5) The appellate court agreed with the trial court's analysis, finding that Detective Mann's testimony was not the only substantive evidence of the offense; Z's testimony provided, at the least, circumstantial evidence, and at best, direct, albeit equivocal, evidence. The appellate court concluded that counsel's performance was not deficient, nor was it prejudicial. (*Id*. at 5-6.)

As indicated, in addressing this IAC claim, the state court found, assuming that counsel had performed deficiently, Petitioner was not prejudiced by counsel's performance. (Petition, Ex. D. at 6) Specifically, the appellate court stated, "the court would not have abused its discretion by overruling an objection, had counsel made one. ... Therefore, counsel's performance was not deficient, nor was it prejudicial." (*Id*.) (internal citation omitted). In making this determination, the court reasonably applied *Strickland*. Because the underlying issue was meritless, and the evidence was properly admitted, Petitioner cannot show that he was prejudiced by the manner in which counsel litigated this issue. *See Kimmelman,* 477 U.S. at 375 (1986); *Wilson v. Henry*, 185 F.3d 986, 990 (9th Cir. 1999) (counsel did not perform deficiently by failing to move for exclusion of defendant's prior bad acts because the evidence "was almost certainly

admissible"). Petitioner is not entitled to relief on Ground Three.

          *5.  Ground Four*

      Petitioner argued to the trial court in his PCR petition that J.'s testimony supplied enough facts to warrant a jury instruction on the lesser included offense of attempted child molestation. (Doc. 8, Ex. D at 20-21.) Petitioner further asserted that he was prejudiced by trial counsel's ineffectiveness in failing to request the lesser included offense. (*Id.*)  The trial court conceded that the instruction would have been supported by J's testimony, but found that trial counsel was not ineffective for failing to request the instruction because it would have been entirely inconsistent with the defense theory that "Robert Hollenback did nothing" (Doc. 1, Ex. C at 5.) Given the theory of the defense that Petitioner was innocent of any crime, the trial court reasoned that it was within trial counsel's discretion to not seek an instruction inconsistent with this defense, and thus trial counsel's performance was not deficient. (*Id.*)(citing *State v. Jerousek*, 121 Ariz. 420 (1979)).

      Petitioner disagreed with the trial court's ruling, arguing in his petition for review that requesting a lesser-included instruction would not have been inconsistent with the defense strategy. (Doc. 8, Ex. E at 16-17.) Petitioner argued that even if it were inconsistent,

> . . . the only way counsel's failure to request the instruction could have been a legitimate strategic choice would be if the inconsistency would have been apparent to the jury, thus undermining the defense of actual innocence. This, of course, could not have happened. All argument by counsel regarding jury instructions takes place out of the presence of the jury. If defense counsel had believed the lesser-included instruction

1
2
3

undermined his defense strategy, he could have simply omitted any reference to it from his closing argument. The mere presence of the instruction could not possibly have tainted the defense in the eyes of the jury.

4
5
6

(Doc. 8, Ex. E at 16.) Finally, Petitioner argued that defense counsel's failure to ask for the lesser-included instruction was not a strategic choice. (*Id.*)

7
8
9
10
11
12
13
14

The appellate court rejected Petitioner's argument, finding that the trial court believed counsel's decision not to request the instruction was likely a reasonable tactical decision based on the asserted defense that nothing had occurred at all. (Doc. 1, Ex. D. at 6-7)(citing *State v. Webb*, 164 Ariz. 348 (1990) ("Actions of defense counsel which appear to be trial tactics will not support an allegation of ineffective assistance of counsel.").

15
16
17
18
19
20
21
22
23
24
25

Federal courts may only grant habeas relief in cases where the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *Taylor*, 366 F.3d at 999-1000 (stating that § 2254(d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record"); *see also Wood v. Allen*, 588 U.S. 290, (2010) (noting that the appellate courts have split on whether a state court's factual determination should be reviewed under 28 U.S.C. § 2254(d)(2) or § 2254(e)(1)). The Court finds that the state court's factual finding that trial counsel made a tactical decision in this case is "unreasonable."

26
27
28

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."

*Wood*, 558 U.S. at 301. However, "[a] decision cannot be fairly characterized as "strategic" unless it is a conscious choice between two legitimate and rational alternatives. It must be borne of deliberation and not happenstance, inattention, or neglect." *Id.* at 307 (Stevens, J., dissenting) (citing *Wiggins v. Smith*, 539 U.S. 510, 526 (2003) (concluding that counsel's "failure to investigate thoroughly resulted from inattention, not reasoned strategic judgment"); *Strickland*, 466 U.S. at 690–91). As the Supreme Court stated in *Strickland*, and later reiterated in *Wiggins*, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690-91; *Wiggins*, 539 U.S. at 510.

The Court finds that the state court record is void of any evidence demonstrating that counsel's failure to request a lesser included instruction was the result of a deliberate decision. As the Supreme Court explained in *Wood*, "Whether the state court reasonably determined that there was a strategic decision under § 2254(d)(2) is a different question from whether the strategic decision itself was a reasonable exercise of professional judgment under *Strickland* or whether the application of *Strickland* was reasonable under § 2254(d)(1)." 558 U.S. at 304. The trial court stated that "[g]iven the theory of the defense, that Petitioner was innocent of any crime, it was well within trial counsel's discretion to not seek an instruction inconsistent with this defense." (Doc. 1, Ex. C at 23.) The appellate court concluded based on this finding that the trial court believed counsel's decision not to request the instruction was "likely a reasonable tactical decision based on the asserted defense that nothing had occurred at all." (*Id.*, Ex. D at 7.)

The Court finds no support for the state court's factual determination that counsel made a tactical or strategic choice to not request the lesser included jury instruction of attempted child molestation. *Cf. Wood*, 558 U.S. at 301-302 ("This evidence in the state-court record can fairly be read to support the [state] court's factual determination that counsel's failure to pursue or present evidence of Wood's mental deficiencies was not mere oversight or neglect but was instead the result of a deliberate decision to focus on other defenses."). First, the Court rejects the trial court's attempts to characterize counsel's choice as strategic simply because it was the only legitimate and rational choice counsel could have made because a lesser included jury instruction would have been inconsistent with an innocence defense. As Petitioner argued in his Petition, the evidence supported the jury instruction, and Petitioner would not have to draw attention to the instruction by arguing it to the jury. The Court finds no support for the trial court's conclusion that innocence or insufficiency of the evidence theories of defense (*see* Answer, Ex. H, Reporter's Transcript, 2/20/2004 at 141, ll. 23-25) are *per se* inconsistent with the lesser included instruction of attempted child molestation. *See State v. Wall*, 212 Ariz. 1, 5-6 (2006)(there is no bright-line rule under Arizona law that a lesser-included offense instruction is never proper if a defendant has asserted an all-or-nothing defense). [A] lesser-included offense instruction is not appropriate "when the 'defendant's theory of the case denies all involvement in the [offense], *and [when] no evidence provides a basis* for [the lesser included offense], ... [and] the record is such that defendant is either guilty of the crime charged or not guilty.' " *State v. Van Adams*, 194 Ariz. 408, 414

(1999)(quoting *State v. Salazar*, 173 Ariz. 399, 408 (1992)). (emphasis added); *see also State v. Whaley*, 2011 WL 92990 (Ariz.App. 2011)(rejecting State's argument that court correctly refused attempt instruction because defendant's only defense was that he did not engage in any sexual misconduct whatsoever with child; noting that a defendant's all-or-nothing defense does not preclude a lesser-included offense instruction when the record contains evidence warranting the instruction). Second, the Court finds that there is no evidentiary basis in the state court record for such a finding: there was no PCR hearing in state court; counsel submitted no affidavit explaining his decision; and the transcripts submitted with this Petition contain no discussion that sheds any light on counsel's decision-making process. The Court agrees with Respondents that, given the facts of the case, counsel might have made a tactical decision to pursue an all-or-nothing defense; that is, the absence of the instruction placed Petitioner's jury in the position where it might acquit him rather than convict him of the completed offense. As compelling and reasonable as this might sound in hindsight, however, there is nothing in the record before this Court that suggests that counsel actually made this strategic decision. *See Debarge v. Stewart*, 39 Fed.Appx. 577 (9th Cir. 2002)(Defense counsel's failure to request jury instruction on lesser included offenses to the charge of intentional child abuse was objectively unreasonable where failure to request the instructions was not a strategic choice, but the result of counsel's failure to understand the law). An equally plausible strategic position, and the reason for the rule requiring instruction on lesser-included offenses in Arizona, is that a jury will convict a defendant of a crime even

though the evidence "remains in doubt, simply because he "is plainly guilty of some offense." *Wall*, 212 Ariz. at 4. (quoting *Beck v. Alabama*, 447 U.S. 625, 634 (1980)). The Court finds that the state court record is void of any evidence demonstrating that counsel's failure to request the lesser included jury instruction was the result of a deliberate decision, and finds the trial court's finding an unreasonable factual determination based on flawed speculation that defense counsel actually made this reasoned decision.

To prevail in this action, however, Petitioner must demonstrate not only that Petitioner performed deficiently, but also that he was prejudiced as a result of the deficient performance. A lesser-included offense instruction is required if the jury could "find (a) that the State failed to prove an element of the greater offense and (b) that the evidence is sufficient to support a conviction on the lesser offense." *Wall*, 212 Ariz. At 4 (citing *State v. Caldera*, 141 Ariz. 634, 636-37 (1984). Because the trial court made a finding that the instruction would have been supported by J's testimony, under Arizona law, and this finding is uncontested, there is no question that the lesser-included instruction would have been given if counsel had requested it. Thus, Petitioner was prejudiced by counsel's failure to request the instruction.

Accordingly, the Court finds that the state court's determination that trial counsel's performance was not deficient was based on an unreasonable determination of facts. Because the trial court concedes that the instruction would have been given, the prejudice prong has been established. Because the jury necessarily found all the facts

essential to convict Petitioner for a violation of attempted child molestation when it found all the facts necessary to convict Petitioner of the completed offense, the state court can modify the judgment from a conviction of the completed offense, to reflect the conviction of the proven, lesser-included offense of attempt, and resentence accordingly. *See e.g.* *State v. Gray*, 227 Ariz. 424, 429 (App. 2011)(citing *State v. Rowland*, 12 Ariz.App. 437 (1970); *State v. Garcia*, 138 Ariz. 211 (App. 1983). Accordingly, the proper remedy for this Court is to order that the state court immediately vacate Petitioner's sentence, or to postpone such relief for a reasonable period to allow the state court to vacate the conviction on the completed offense and enter conviction of the attempted offense and resentence the Petitioner. *See Douglas v. Jacquez*, 626 F.3d 501, 505 (2010)(Where the state court "has the power to correct the constitutional error … it should be given the opportunity to do so.").

## IV.   CONCLUSION

The Court finds that Petitioner procedurally defaulted Grounds One and Two of his Petition. Nonetheless, considering the merits of the claim, the Court finds Grounds One and Two, as well as Petitioner's IAC claim raised in Ground Three, are without merit and are denied with prejudice. The Court finds that Petitioner has raised a meritorious claim as to Ground Four, however, and grants relief as to this claim only. Accordingly,

IT IS HEREBY ORDERED that the Petition (Doc. 1) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Grounds One, Two and Three of the Petition (Doc. 1) are DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED that Ground Four of the Petition is GRANTED to the extent that the state court is DIRECTED to vacate Count 1 of Petitioner's conviction, molestation of a child, under § 13-1410, unless, within 90 days from the entry of Judgment, the state court modifies the state court judgment and conviction by vacating the conviction of the completed offense of molestation of child in Count 1 and entering conviction of the attempted molestation of a child molestation and resentences Petitioner accordingly.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter Judgment accordingly.

IT IS FURTHER ORDERED that, if Petitioner appeals the denial of his petition for habeas relief, any request for certificate of appealability is denied based on the Court's determination of the claims presented on the merits and that Petitioner has failed to make the requisite substantial showing of a denial of a constitutional right on the grounds presented.  See 28. U.S.C. § 2253(c)

Dated this 19th day of September, 2013.

Frank R. Zapata
Senior United States District Judge