WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Michael Hollenback,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　Respondent. | No. CV 10-00333-TUC-FRZ<br><br>**ORDER** |

Presently pending before the Court is Respondents' motion for reconsideration of this Court's Order and Judgment filed on September 20, 2013, granting relief on Ground Four of the Petition for Writ of Habeas Corpus (Doc. 1) filed by Robert Michael Hollenback. (Doc. 18.) Respondents challenge this Court's finding that the state court's determination that trial counsel's decision not to request a lesser included instruction on attempted child molestation was a sound strategic decision was an unreasonable determination under 28 U.S.C. § 2254(d)(2). Respondents also challenge this Court's determination that prejudice was manifest by the trial court's failure to give the lesser included instruction because it would have been supported by the evidence. For the reasons stated below, the Court grants the motion for reconsideration, in part, and denies Ground Four of the Petition (Doc. 1).

The factual and procedural background of this matter has been previously summarized in this Court's order dated September 19, 2013, and will not be repeated here.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985). At the outset, the Court notes that motions to reconsider are appropriate only in rare circumstances:

> The motion to reconsider would be appropriate where, for example, the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through--rightly or wrongly". *Above the Belt,* 99 F.R.D. at 101; *see also, Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983).

Respondents' motion is devoid of the necessary showing in regards to this Court's determination that the state courts acted unreasonably in determining that counsel's decision was strategic. The appellate court relied on the trial court's belief that the decision was a reasonable tactical decision. The trial court's decision, in turn, was based on the trial court's misunderstanding that the lesser-included instruction would have been inconsistent with the defense strategy. Because this was the only stated basis for the trial court's ruling, and it was incorrect, the determination was unreasonable. The Court will not rethink this decision here.

Nonetheless, Respondents have made the necessary showing to merit reconsideration on the prejudice prong of this Court's ruling. This Court determined that prejudice under the controlling Supreme Court precedent in *Strickland v. Washington*,

466 U.S. 668 (1984), was demonstrated because, had it been requested, the jury instruction was supported by the evidence and the trial court acknowledged that it would have been given. As Respondents correctly argue, contrary to this Court's finding, Petitioner must show not just that the instruction would have been given, but that a reasonable probability exists that, had the jurors been instructed on the lesser, they would have convicted of that offense and not the charged offense. Petitioner does not contest this argument in his response to the motion for reconsideration. *See* (Doc. 30).

This Court is bound to presume that the jury applied the correct legal standards in reaching its conclusion. *See Strickland*, 466 U.S. at 695 (explaining that in assessing whether a defendant was prejudiced by ineffective assistance, a court should presume that the decisionmaker "reasonably, conscientiously, and impartially" applied the correct legal standards). In this case, it would be speculative to reach the conclusion that there was a reasonable probability the outcome would have been different simply because the lesser included instruction would have been given because this would presume the jurors failed to follow their instructions in convicting Petitioner when there was a reasonable doubt that he committed the charged offense. *See e.g. Lee v. Schriro*, 327 Fed.Appx. 699, 701 (9th Cir. 2009) ("Because the jury was instructed on robbery, yet convicted Lee of armed robbery, there is no reason to conclude that the verdict would have been different had the jury also been instructed on the even lesser offense of theft."). Thus, even if counsel's performance was deficient under *Strickland's* first prong, Petitioner has failed to demonstrate prejudice under the relevant controlling federal law, and he is not entitled to relief on this Ground.

Accordingly,

IT IS ORDERED:

(1) Respondents' motion for reconsideration and to amend/alter the judgment is GRANTED in part. (Doc. 20.)

(2) This Court's Order (Doc. 18) entered on September 20, 2013 is AMENDED to

reflect the denial of Ground Four with prejudice for the reasons stated above.

(3) This Court's Order is FURTHER AMENDED to vacate this Court's order directing the state court to vacate Count 1 of Petitioner's conviction.

(4) The Clerk of Court shall amend the Judgment (Doc. 19) to reflect that the Petition (Doc. 1) is denied with prejudice and the action is dismissed in its entirety.[1]

Dated this 14th day of May, 2014.

_____
Frank R. Zapata
Senior United States District Judge

---

[1] Petitioner's motion for a certificate of appealability (Doc. 23) is denied. Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.